The first case for argument is Vasquez v. Astrue. Counsel. Good morning, Your Honors. Good morning. I'm Jim Miller, representing Appellant. And I would like to reserve, if possible, two minutes for rebuttal. You certainly may do so. Just watch the clock. Thank you. I would like to – Appellant would like to propose that the Court apply the – what I would call the hammock version of the credit-as-true rule. And this is in response to the hammock version, yes, H-A-M-M-O-C-K, a 1989 case, which applied the rule in a different way than other courts have applied the rule. And this distinction is based on the time when the crediting as true is to be done. Appellant submits there are four versions of this when to apply rule. The one version of that is saying that the Secretary did already accept as true the report, and that was in a case called Rodriguez in 1989, an opinion by Judge Reinhart. In a second version of that rule, the Court says that the district court should accept as true, and that's in a Beneke case, a very recent – a relatively recent case in 2004. In the third version of that rule, the Ninth Circuit itself credits the evidence as true and orders an award of benefits right then and there. And that's the original Varney case in 1988, and also some recent cases, Lingenfelter, which has been cited as a supplemental cite by Appellee, and also other cases. Kennedy, what are we supposed to do with these other cases? They don't reject the credit-as-true, they just simply don't apply it. How are we supposed to know when to apply it and when not to apply it? Well, one distinction is if a case has been affirmed by the district court below, it seems like the credit-as-true rule can be applied more freely by the circuit court because the district court has not made a ruling on that topic, but instead has affirmed the decision of the Commissioner. And then in that situation, the abuse of discretion standard, which would limit this Court, would not apply. Well, what about the district court? When should the district court? Judge Seldin is a district judge, and he may want to know what rule he should apply when he gets these cases. Well, I think that, unfortunately, that has to come pretty much from the Ninth Circuit court of appeals, those kinds of directions and parameters and guidelines. Okay. Now we're here. Yes. Give us your best shot. What should we – what rule should we apply so that district judges can apply it when they have these cases coming up to them? Well, presumably, the rule should be applied in the same way as it has been applied since Varney, and in several cases where the issues are taken into account, the Court makes a determination whether evidence wasn't properly discounted, and whether there are any outstanding issues, and whether the evidence would mandate a finding of disability. And if those three criteria are met, then the district court should apply. And as I mentioned, the Beneke case did use this language, the district court should apply, or the district court should accept as true. I'm not sure how courts can draw limits or parameters for other courts in Social Security cases. The Social Security Act gives very wide latitude for both district courts and circuit courts of appeal to make modifications and decide without remanding, and to make several different kinds of decisions in all these cases. And then there are – Did you have a chance to look at the Connett case, C-O-N-N-E-T-T? Yes, I did. And in that case, the Court decided not to accredit as true the symptom testimony because it was unclear whether the symptom testimony would carry the day. And I think that that is partly true here in this case as well. The subjective symptom testimony had mainly to do with problems that the claimant had had at work and why jobs had ended and why she wasn't able to do particular tasks she had been asked to do. If that evidence were accredited as true here, or ordered to be accepted as true later, as in Hammock on a remand, that would result in a decision of disability here. But I can see that in this case, that evidence could be looked at as dispositive or possibly as not dispositive because it doesn't directly address functional issues under the – like whether or not a person can walk 6 hours a day. She testified only that she could walk about an hour at a time. So what are you suggesting, that one possibility is to accept her testimony because sufficient reasons haven't been articulated to reject it, but then not make the final determination remand for the commissioner to accept the facts and then make the determination? That's exactly what I'm suggesting. And that's what the Court did in Hammock. Is there a basis for this Court to perform that step? I think so, because I – the – the incredibility or lack of credibility determination that the ALJ made was definitely in error. And if ALJs or district courts are to be instructed by the Ninth Circuit on whether or not crediting as true might limit their ability to make vague findings or unspecific findings about credibility, I think this action would show ALJs or district courts that generalized findings about credibility will not be sufficient and will be credited as true later. If I misunderstood – I may have misunderstood Judge Sala's question, but I think the question is, is there a basis upon which we can make that determination here in this case? Could we credit as true and then simply reverse with instructions to award benefit? Yes. In this case, I believe you can do that. On the third issue – But you're not asking us to do that. I'm sorry? But you're not asking us to do that? I'm asking you to do that, if you're willing, because I believe that testimony could be credited that way. The testimony and other statements made in forums about having lost jobs or being unable to perform at previous jobs because of mental impairments is – On – Yes. With the doctrine on remand, would a claimant be able to buttress her case? On remand, if – Add material, later learned material that strengthens her case? I suppose that would be a parameter that you could also direct on. But if continuing benefits were at stake, and they would be here because this was a denial of benefits, if continuing benefits up to the present would be an issue on a remand, then the claimant would, as a matter of course, be allowed to present additional evidence, including additional testimony. What about the other side of the coin? Would the government also be able to present additional evidence? Yes. At that point. Not if the Court directed the ALJ to accept as true the opinions or symptom evidence. So credit as true sort of freezes the record? Yes. I think it would do that. Unless – Except in regard to later periods. Except where the claimant wishes to buttress her claim. As to later periods. There would be little reason to – As to those later periods, would the government be able to offer evidence? Well, certainly. Technically, this just concerns the date up until the time – The one fixed period. Yes. Okay. Counsel, you're down to just under two minutes. You may wish to reserve. Thank you. Yes. All right. We'll hear from you. We'll hear from the Commissioner. Good morning. My name is John Kusker, and I represent Michael J. Astrew, the Commissioner of Social Security, and Appley in this case. Mr. Kusker, we believe that the Court should apply the Conant interpretation of the credit as true rule. In Conant, the Court did a thorough analysis of the way that the circuit had applied the credit as true rule over the years and found that there was an inconsistency and further found that the only way to resolve the inconsistency between the published cases was to conclude that application of the credit as true rule was not mandatory. And we would urge that the Court find so. Well, now, that's a very reasonable request, but what about Varney? Looking at it from the standpoint of what is the law of the circuit doesn't Varney create a pretty clear mandate rule that whenever the ALJ fails to give sufficient reasons, the reviewing court will credit as true. And if that's enough on the merits, award benefits. And put another way, how can a subsequent panel as opposed to a non-bank panel overrule Varney and make credit as true non-mandatory? Well, I believe that here the Conant Court focused on a particular inconsistency, which was the on-bank decision in the Bunnell v. Sullivan case of 1991. And Bunnell had found that the ALJ improperly assessed the claimant's credibility and nonetheless remanded the case for further proceedings without ordering that the administrative law judge accept as true the claimant's allegations. So with a non-bank decision they would have to give reasons for rejecting. No, they – I mean the two is the same thing. An improper assessment would not cite legally sufficient reasons for rejecting a claimant's testimony. That's what I meant. I'd also note – Let me ask you point blank. From the standpoint of a government, would the government support a request for rehearing in-bank so that an in-bank court can sort this all out? Well, I wouldn't have authority to say that, but if the court were to order it, we'd certainly want to present our case. But basically the government's position, at least as far as I can understand your argument, is that Conant controls in this case. Is that right? Or at least you want us to follow Conant. We would prefer that the Court follow the Conant interpretation of the rule, yes. I'd also like to distinguish between the credited as true rule per se and the corollary which is applied to many of these cases, which I will call the Harmon rule. Harmon set forth a three-part test for what happens after improperly rejected evidence is credited as true. The first part of this test is, in fact, a finding that the rationale for rejecting evidence was legally insufficient. The second test was that there were no outstanding issues requiring resolution. And the third step, the third part of this test would be that the administrative law judge would be required to find the claimant disabled if the evidence was credited as true. As Judge Beezer noted in his dissent in the Lingenfelter case, the test does not apply when there are outstanding issues to resolve, and the test is generally applied only when the evidence strongly supports finding disability. The general rule, as the Supreme Court has noted in several immigration cases, including Gonzalez and INSV v. Ventura, is called the ordinary remand rule, where the courts remand cases to the Federal agencies for them to make the proper findings of fact, and that only in rare circumstances should the courts be departing from the so-called ordinary remand rule. Alito, do I infer, since you're suggesting we follow Conant, which was a remand, that a remand is necessary in this case? The government concedes that the reasons given were not adequate? No. I should have stated that I'm not at all conceding that the administrative law judge's evaluation of any portion of the record was inadequate. Can I ask you a question in that regard? Yes, certainly. I'm looking at excerpt of records, yeah, I think it's 26, this is the ALJ's findings. And the ALJ makes a finding which appears to be central to the determination, and I'll read, there are no laboratory tests, i.e., MRI scans, which would support his opinion, that's the opinion of Dr. Capon? Yes. That's not accurate, is it? Of course, that matter was briefed below. Can I get a yes or no to that? Excuse me. Can I refer to the record? Sure. That's page 26 of the excerpts of records, and I assume this is volume 1, appellant's excerpts. Yes, I see the portion you're referring to. It's in the second paragraph. Do you see that? Yes, I do see that. Now look at appellant's excerpt of record 2, do you have that? Is that volume 2? Yes, sir. And look at page 392. And that's? Following the initial evaluation, she, that's the claimant, was seen on a repeated basis by Dr. Capon, and an MRI scan of the lumbar scan was ordered, which showed degenerative changes, et cetera, et cetera. Do you see that? I, did you say 392? That, it's 392 in mine, volume 2, appellant's. Oh, yes, I see it now. Do you see that? Doesn't the ALJ acknowledge that there are MRI scans that, I believe he does, on page 25 of the ALJ's decision? What the ALJ is saying here is that the scan of degenerative changes doesn't support the decision, or doesn't support the doctor's opinion. No, he's saying that there are no laboratory tests, i.e., MRI scans, which would support his opinion. Yes, that's not the same as saying that there are no MRI scans which are acknowledged on the preceding page. What the judge is saying here is that the MRI findings don't support Dr. Capon's opinion. Does that answer your question? Yes. Thank you. If you'll excuse my lack of preparedness on that, this, there was no dispute over the ALJ's treatment of Dr. Capon's opinion in the district court or in the briefs in this Court. But to return to Judge O'Scanlon's question, we don't concede that the ALJ improperly evaluated the medical evidence or the reasons given were very, very generic, were they not? Excuse me. The reasons given were very general, generic, weren't they? They weren't very specific. The rationale for the credibility findings? Right. But they were sufficiently specific to satisfy this Court's requirements in Bunnell. Clearly, the ALJ is looking primarily at the claimant's overall lack of credibility. But the other factors that he considered included the opinions of the doctors who treated and examined the claimant, including Dr. Capon, the claimant's treatment and medication. And also the claimant's work history. In other words, other factors, all of which are cited specifically in the case law and in the regulations in Ruling 96-7P as factors that ALJs ought to consider when they're evaluating credibility. So we would not concede that the ALJs' evaluate credibility analysis was in any way legally deficient. Thank you, counsel. Your time has expired. Mr. Miller, you have a little bit of reserve time. Thank you. If there's any further questions. Do you want to say anything in response to the Commissioner's view on Connett, Varney, and so forth? Yes, I would. As much as I would like to contend that Varney presents a must or a mandatory rule, I really don't think that is correct, as Connett shows and other cases show. And I also wonder if a But can they show it by contradicting Varney?  I'm not sure it used words like must or should even, although Beneke did later in 2007. I also wonder if a circuit court should use must and mandatory language in directions to district courts in regards to these cases where district courts have huge discretion. So I don't want to contend against that if it would help my claimant or claimants in general, but I don't see that language in Varney. How is the policy of forcing the ALJ to give specific reasons furthered if there's a way around it by not making the facts found as true? How does the policy further? Yes. If you don't have a mandatory rule, how do you further the policy consistently to force the ALJ to be specific? Well, I think this hammock situation could do that by crediting as true, but remanding for additional proceedings anyway, and that directly addresses the ALJ's failure to give adequate reasons and directs his attention as well. Does that give the ALJ a second shot, their second bite at the apple, so he can clear up the mistakes he made? It's a second shot, but it's limited because the Court orders him to find the opinions or testimony, in this case accepted and true. I might mention also that Appellee relies a little bit on use of the Harmon rule, but the Harmon rule involved a collateral use of the abuse of discretion rule, because in Harmon the district court remanded for further proceedings, and the appellant went up to ask for an award of benefits. Because the abuse of discretion rule was also applied in Harmon, I think the use of the Varney three-part rule was limited and was not allowed, that the Harmon rule was not allowed, I mean the Varney rule was not allowed to be used completely in Harmon, where they're also using the abuse of discretion standard. All right. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision, and we will hear argument next in McDonald v. Colwell Banker.
judges: O'scannlain, Hawkins, Selna